**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-22863-KMM

DARIO JOSE CAJAPE FARIAS,

Petitioner,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Respondents.

_______________________________________/

**ORDER**

THIS CAUSE came before the Court upon Petitioner Dario Jose Cajape Farias's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition" or "Pet."). (ECF No. 1). The Court issued an Order to Show Cause (the "First OTSC") requiring Respondents to file one memorandum of fact and law to show why the Petition should not be granted. *See generally* (ECF No. 5). Respondents thereafter filed a Response (the "First Response" or "F. Resp.") (ECF No. 6). The Court issued a second Order to Show Cause (the "Second OTSC") requiring Respondents to show cause as to whether Petitioner had appealed the removal order and to explain the impact of that answer on the disposition of the Petition. *See generally* (ECF No. 7). Respondents thereafter filed a second Response (the "Second Response" or "S. Resp.") (ECF No. 8) and Petitioner filed a Reply thereto (the "Reply") (ECF No. 9). The Petition is now ripe for review. As set forth below, the Petition is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a citizen of Ecuador who was admitted into the United States on July 16, 2020

as a Temporary Visitor for Pleasure with a B2 visa.[1] *See* F. Resp. at 1; (ECF No. 6-1) at 1. On October 11, 2021, a Petition for Alien Relative ("I-130 Form") and an application to Register Permanent Resident or Adjust Status- Family Based were filed on Petitioner's behalf. *See* F. Resp. at 2; (ECF No. 6-2) ¶ 6.

On October 18, 2024, United States Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operation ("ICE ERO") encountered Petitioner at the Turner Guilford Knight Correctional Center in Miami Dade County following their arrest for Sexual Performance by a Child/Possession Control View Depiction Child Pornography. F. Resp. at 2; (ECF No. 6-1) at 2. On or about August 31, 2025, Petitioner was transferred into ICE ERO custody pending removal proceedings. F. Resp. at 2; (ECF No. 6-3). That same day, Petitioner was served with a Notice to Appear ("NTA"), charging them with inadmissibility pursuant to 8 U.S.C. § 1227(a)(1)(B). F. Resp. at 2; (ECF No. 6-4). On or about November 6, 2025, that charge of inadmissibility was sustained by an Immigration Judge. F. Resp. at 2; (ECF No. 6-2) ¶ 10.

On March 24, 2026, Petitioner requested a custody redetermination hearing with the Miami Krome Executive Office for Immigration Review (the "Miami Krome EOIR"). F. Resp. at 2; (ECF No. 6-5). A custody redetermination hearing was held on March 31, 2026, in which the Immigration Judge entered a "no action" order. F. Resp. at 2; (ECF No. 6-6) at 1. On April 6, 2026, Petitioner filed another custody redetermination request with the Miami Krome EOIR. F. Resp. at 3; (ECF No. 6-2) ¶ 13. On April 7, 2026, a second custody redetermination hearing was held, in which the Immigration Judge denied bond upon finding Petitioner a danger to the community. F. Resp. at 3; (ECF No. 6-7).

---

[1] As Petitioner identifies as transgender, *see* Reply at 1, and has not identified preferred pronouns, the Court uses "they/them/their" pronouns when referring to Petitioner in the third person. *See, e.g.*, *Peters v. Mills*, 21-Civ-5527, 2022 WL 1570990, at *1 n.2 (S.D.N.Y. May 18, 2022).

On April 21, 2026, Petitioner was ordered removed by an Immigration Judge. *See* F. Resp. at 3; *see generally* (ECF No. 6-8). Petitioner appealed the removal order on May 18, 2026. *See* S. Resp. at 1; (ECF No. 8-1). The status of that appeal is unknown based on the current record before the Court.

Petitioner filed the Petition on April 24, 2026. *See* F. Resp at 3. Therein, Petitioner alleges that they are entitled to immediate release on due process grounds. *See generally* Pet. In the First and Second Responses, Respondents argue that the Petition should be denied because Petitioner failed to exhaust their administrative remedies before seeking federal court intervention. *See* F. Resp. at 5; S. Resp. at 5. In the Reply, Petitioner requests that the Court: (1) direct Respondents to bring Petitioner to this Court and explain why Petitioner should not be immediately released; (2) issue a declaratory judgment stating that Petitioner is eligible to be released on bond and entitled to an individualized bond hearing before a neutral judge; (3) issue a declaratory judgment that Petitioner is not an arriving alien, but is a lawful permanent resident of the United States; (4) order Petitioner's immediate release; (5) alternatively, order that a bond hearing be immediately held; (6) find Respondents violated Petitioner's civil and constitutional rights; and (7) order Petitioner receive humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). Reply at 3.

## II. LEGAL STANDARD

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 533 U.S. 674, 693 (2008) (citation omitted). The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that

confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973). Further, for "'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The Court's habeas jurisdiction extends to challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents claim that Petitioner was required to exhaust their administrative remedies before seeking federal habeas review. *See* S. Resp. at 4. However, exhaustion is not a jurisdictional requirement in a § 2241 proceeding. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015). Because exhaustion is not a jurisdictional requirement, the Court "may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." *Id.* (citing *Granberry v. Greer*, 414 U.S. 129, 131 (1987)). Because the Court denies the Petition on the merits, it elects to skip the exhaustion question.

To the extent that Petitioner seeks a bond hearing, the Court finds that Petitioner has obtained that relief because Petitioner has been afforded two bond hearings. *See* (ECF Nos. 6-6, 6-7). However, to the extent that Petitioner seeks an order declaring Petitioner eligible to be released on bond or directing Petitioner's release, the Court cannot grant such relief.

Indeed, the Court lacks jurisdiction to review the Immigration Judge's finding that Petitioner is a danger to the community and the denial of bond on that basis. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); *Mendoza-Patino v. Cobb*, No. 2:26-cv-02153, 2026 WL 2267468, at *1 (M.D. Fla. Aug.

6, 2026) (holding that the court had no jurisdiction to review an immigration judge's discretionary decision to deny release on bond where petitioner was a danger to the community); *Stephens v. Ripa*, No. 1:22-CV-20110-JEM, 2022 WL 18108494, at *4 (S.D. Fla. Nov. 14, 2022) ("While [p]etitioner may disagree with the [immigration judge's] conclusion, it is beyond this [c]ourt's authority to reweigh the evidence presented to the [immigration judge] and reach a conclusion of its own."), *report and recommendation adopted*, 2023 WL 34689 (S.D. Fla. Jan. 4, 2023). Therefore, the Court lacks jurisdiction to review the Immigration Judge's bond determination.

Next, to the extent Petitioner seeks to not be classified as an "arriving alien," the Court finds that Petitioner has not been classified as such. Respondents do not refer to Petitioner as an "arriving alien" in either Response. *See generally* F. Resp.; S. Resp. Indeed, Respondents plainly state that Petitioner is being detained under 8 U.S.C. § 1226, not the statutory authority "arriving aliens" are detained under: 8 U.S.C. § 1225. *See* F. Resp. at 3 (noting Petitioner's "continued detention under 8 U.S.C. § 1226"). As such, the Court finds that Petitioner has not been classified by Respondents as an "arriving alien."

Finally, Petitioner's request that the Court order release under the humanitarian parole provisions of the Immigration and Nationality Act is likewise unavailing. Under that statutory authority, the Secretary of Homeland Security "may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States[.]" 8 U.S.C. § 1182(d)(5)(A). "It is hard to imagine a clearer grant of discretion." *Molina-Cantero v. Dep't Homeland Sec.*, No. 2:25-cv-549, 2026 WL 83954, at *2 (M.D. Fla. Jan. 12, 2026). Because the decision to grant humanitarian parole is so squarely committed to the Secretary's discretion, the Court cannot review it. *See generally Pouzo v. USCIS Mia.*, 516 F.

App'x 731 (11th Cir. 2013) ("The decision whether to parole an alien into the United States rests within the discretion of the Secretary . . . and that discretionary decision is shielded from judicial review[.]").

Accordingly, based on the foregoing, the Court finds that the Petition is due to be denied.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Petition (ECF No. 1) is DENIED. The Clerk of Court is INSTRUCTED to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of October, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record